On petitioner's motion for reconsideration filed May 6, reconsideration allowed; opinion (127 Or App 739, 872 P2d 446) modified; Board's order vacated; reversed and remanded for reconsideration in part; otherwise affirmed August 3, 1994

In the Matter of the Compensation of
Donald Martin, Claimant.
ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

Donald MARTIN,
*Respondent.*
(92-10346; CA A80804)
877 P2d 1238

Adam T. Stamper and Cowling & Heysell for motion.

Pamela A. Schultz, *contra.*

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks reconsideration of our decision in this case. 127 Or App 739, 872 P2d 446 (1994). We allow reconsideration and modify the disposition.

In our opinion, we vacated the Board's order that employer reprocess claimant's claim and affirmed the remainder of the order. Employer points out that the Board's order had awarded attorney fees based on claimant's having prevailed on the claims processing issue. Because we vacated the order to reprocess the claim, employer argues that we also should have vacated the award of attorney fees.

On appeal to the Board, employer raised issues concerning whether the referee correctly denied its motion to dismiss the claim, whether it was required to reprocess the claim, and whether sanctions should have been awarded against claimant's counsel for filing a frivolous hearing request. The Board affirmed the referee's denial of the motions to dismiss and for sanctions, and the order that employer reprocess the claim. It also awarded attorney fees for claimant's counsel's efforts "concerning the motion to dismiss and claim processing issues."

Employer is correct that the claim processing issue has now been resolved in its favor, and that issue cannot be a basis for an award of attorney fees. However, because the Board's attorney fee award was based in part on its ruling on the motion to dismiss, which was not challenged on judicial review, we remand for the Board to reconsider the award of attorney fees.

Reconsideration allowed; opinion modified; Board's order that employer reprocess the claim vacated; award of attorney fees reversed and remanded for reconsideration; otherwise affirmed.